UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
at WINCHESTER

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| ) | |
| ) | No. 4:05-CR-28 |
| v. ) | |
| ) | Judge Curtis L. Collier |
| ) | |
| ROGER SANSON, ) | |
| ) | |
| Defendant. ) | |

## MEMORANDUM & ORDER

Defendant Roger Sanson ("Defendant") has filed a "Motion In Re Venue" (Court File No. 26) and supporting memorandum requesting the Court hold the trial in this case in Winchester, Tennessee, rather than in Chattanooga, Tennessee, where the trial is currently scheduled to take place on January 23, 2006. Defendant states the trial originally was set to be tried in Winchester, then was moved to Chattanooga in the Court's Order granting Defendant's motion to declare the case complex (Court File No. 25), but this assertion is incorrect. While this case was assigned to the Winchester Division within the Eastern District of Tennessee, it also was assigned to Judge Curtis L. Collier, whose chambers and courtroom are located in Chattanooga. The scheduling order in this case set a trial date, but did not specify where within the district the trial would take place (*see* Court File No. 4).

Defendant refers to Fed. Rule Crim. P. 18, which states, "the government must prosecute an offense in a district where the offense was committed." Fed. R. Crim. P. 18. The rule further states, "[t]he court must set the place of trial within the district with due regard for the convenience of the

defendant and the witnesses, and the prompt administration of justice." *Id.* Because Judge Collier's chambers and courtroom are located in Chattanooga, he ordinarily holds trials in cases to which he is assigned in Chattanooga, where security for him is well-established, his support staff is located, and he has other judicial responsibilities to which he must tend, often during the course of a trial. All of these factors contribute to his ability to promptly administer justice during a trial.

While a defendant has the right under the Sixth Amendment to the United States Constitution and Rule 18 to a trial in the *district* in which the crime was committed, no such constitutional or statutory right attaches to the *division* in which the trial must be held. *See* U.S. CONST. amend. VI; Fed. R. Crim. P. 18; *United States v. Erwin*, 155 F.3d 818, 824 (6th Cir. 1998). Rule 18, prior to 1966, did provide a criminal defendant the statutory right to a trial in the division where his offense allegedly occurred, but that right was eliminated when the rule was amended. *See* Fed. R. Crim. P. 18.

Defendant has not asserted he, his codefendant and wife Margaret Sanson, or his potential witnesses are unable to travel to Chattanooga, although they reside in and around Tullahoma, Tennessee, which is closer to Winchester than it is to Chattanooga. Therefore, because Defendant has not shown the inconvenience to him or his potential witnesses outweigh the Court's interest in the prompt administration of justice, the Court hereby **DENIES** Defendant's motion to hold the trial for this case in the Winchester rather than Chattanooga Division.

**SO ORDERED.**

**ENTER:**

*/s/*
**CURTIS L. COLLIER**
**UNITED STATES DISTRICT JUDGE**